No. 220 March 18, 2026 893

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. L.-A. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

K. L.-A. J.,
*Respondent,*
*v.*

K. M.,
*Appellant.*

Crook County Circuit Court
22JU03382; A187780

Daina A. Vitolins, Judge.

Submitted February 18, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for respondent child.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile dependency case, father appeals a judgment in which the juvenile court changed the permanency plan for his child, L, who was two years old at the time of the permanency hearing, from reunification to adoption. In two assignments of error, father challenges the juvenile court's ruling that the Oregon Department of Human Services (ODHS) made reasonable efforts to reunify child with mother and its decision to change the child's plan from reunification to adoption.[1] As explained below, we affirm.

Father has not requested that we review *de novo*, and we decline to exercise our discretion to do so.[2] We are therefore bound by the juvenile court's express and implied factual findings as to what efforts ODHS made, so long as there is evidence in the record to support them. *Dept. of Human Services v. C. H.*, 373 Or 26, 48-49, 559 P3d 395 (2024). Whether those efforts qualify as "reasonable" is a legal conclusion that we review for errors of law. *Id.* at 48-49.

Before a court may change a child's permanency plan away from reunification, one factor that ODHS must prove is that it made reasonable efforts to make it possible for the child to be reunified with his or her parent. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 374, 473 P3d 131 (2020). Courts evaluate ODHS's efforts to reunify a parent and child "in light of the bases for [dependency] jurisdiction identified in the juvenile court's judgment." *C. H.*, 373 Or at 50. Reunification efforts are reasonable when, under the totality of the circumstances, they "give parents a full and fair opportunity to remediate the bases for jurisdiction to become at least minimally adequate parents." *Id.*

On appeal, father argues that ODHS did not undertake reasonable efforts to ameliorate the jurisdictional

---

[1] On appeal, father does not contest the efforts of ODHS with respect to him or that he failed to make sufficient progress for L to be safely returned to his care.

[2] *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

bases with respect to mother because the department failed to help mother access domestic violence treatment, a psychological evaluation, and inpatient drug treatment. Assuming that father's arguments on appeal are adequately preserved, which is an issue we do not decide, we conclude that the record supports the juvenile court's determination that ODHS made reasonable efforts to reunify mother with the child. ODHS referred mother to multiple substance abuse and mental health services over the course of this case, but mother did not successfully complete any of those programs. At least one of the mental health services offered to mother included domestic violence counseling. Mother has received recommendations for inpatient substance abuse treatment, which she did not pursue. The juvenile court permissibly determined that ODHS was not required to provide additional services in order for its efforts to be reasonable. The record is legally sufficient to support the court's reasonable-efforts determination and to permit the court to change the permanency plan to adoption.

Affirmed.